**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JODY D. GRAVEL,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1695 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jody D. Gravel ("Gravel") brings a complaint to review a final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"). The case is before the Court on Gravel's motion for summary judgment. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons provided below, the Court makes no determination as to the summary judgment motion before it and remands the case.

**Procedural Background**

Gravel filed an application for Supplemental Security Income and Social Security Disability benefits, based upon her disability. (Compl. ¶ 4.) Gravel's applications were denied initially, on reconsideration, and following a hearing in front of an Administrative Law Judge ("ALJ"). (*Id.* ¶ 4.) Gravel requested review of the ALJ's decision rendered on October 7, 2009, and on January 8, 2011, the Appeals Council concluded that there was no basis to grant Gravel's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (*Id.* ¶¶ 5-6.) Gravel seeks review of the ALJ's decision.

**Discussion**

The Social Security Act, 42 U.S.C. § 405(g), authorizes judicial review of the Commissioner's final decision to determine "whether the record as a whole contains substantial evidence" to support that decision and whether the Commissioner committed an error of law. *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record. *See Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991). Failure to fulfill this obligation is "good cause" to remand the case to develop the record fully. *Id.* at 586. Where the record is illegible because of poor copy quality or handwriting, courts may remand the case for clarification and supplementation. *Bishop v. Sullivan*, 900 F.2d 1259, 1262 (8th Cir. 1990).

In *Bishop*, a total of twenty-six of the sixty-five pages of medical evidence submitted to the ALJ were illegible, and thirty-nine of the ninety-nine pages of the medical evidence submitted to the Appeals Council after the issuance of the ALJ's decision were also illegible. *Id.* at 1262. Because of the illegibility issue, the *Bishop* court remanded the case so that the ALJ could develop the record fully. *Id.*

In the instant case, it is the ALJ's decision that is illegible. (R. at 22-28.) This is significant because both Gravel and the Commissioner cite to the illegible portions of the ALJ's decision in their briefs before this Court. (*See* Pl.'s Br. 8; Def.'s Br. 9.) More significantly, the Commissioner argues in support of affirming the decision that the ALJ was not required to accept one of the medical expert's opinions but instead could provide its own evaluation of the

evidence. (Def.'s Br. 9.) Without a more legible copy of the ALJ's decision, this Court is simply unable to determine whether substantial evidence exists to support the ALJ's conclusions.

In order for a court to make a proper determination as to whether or not the ALJ's decision is supported by substantial evidence, this case is remanded so that a legible decision may be obtained. Because the Commissioner represents that the decision it provided is the "Best Record Available," this Court assumes that the Commissioner has pursued all available avenues to provide a legible copy. If it is impossible to obtain a legible copy of the original opinion, then the Court's remand is broad enough to include an ALJ's (1) reexamination of the record to reconstruct the original opinion; (2) a new determination based on the transcript and record at hand; or (3) a new hearing if the Commissioner deems it to be appropriate. Only then will meaningful review of any determination be possible.

## Conclusion

For the reasons set forth above, the Court makes no determination as to the summary judgment motion before it and remands the case.

**SO ORDERED.**                                     **ENTERED: April 30, 2012**

                                                                  _____
                                                                  **HON. RONALD A. GUZMÁN**
                                                                  **United States District Judge**